UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHLEEN D.,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

21-CV-00233-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 26)

Plaintiff Kathleen D.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 20) is granted, and defendant's motion (Dkt. No. 24) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on October 26 and 28, 2015, respectively, with an alleged onset date of June 1, 2015. (Administrative Transcript ["Tr."] 294-300). The applications were initially denied on February 9, 2016. (Tr. 120-21). Plaintiff timely filed a request for an administrative hearing. (Tr. 186-87). On March 8, 2018, Administrative Law Judge ("ALJ") Stephen Cordovani held a hearing, at which Plaintiff appeared, with counsel. (Tr.81-119). A vocational expert also appeared and testified at the hearing. The ALJ issued an unfavorable decision on April 18, 2018. (Tr. 143-60). On March 5, 2019, the Appeals Council remanded the case for another hearing before the ALJ. (Tr. 161-66). A subsequent hearing was held on January 27, 2020, at which Plaintiff appeared, with counsel. (Tr. 34-80). A vocational expert also appeared and testified. On February 12, 2020, the ALJ issued a decision again denying Plaintiff's application for DIB, but granting Plaintiff's request for SSI for the period beginning September 14, 2019, when Plaintiff reached her 55th birthday and changed age categories under the Social Security regulations. (Tr. 9-33). On December 15, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

"supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

Preliminarily, the ALJ found that Plaintiff's last insured date was March 31, 2019. At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: COPD; degenerative disc disease of the cervical and lumbar spines; bilateral trochanteric bursitis; carpal tunnel syndrome; and right shoulder disorder. (Tr. 16-18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19). Prior to proceeding to step four, the ALJ assessed Plaintiff's

RFC and concluded that she can perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she:

> can occasionally climb ramps, stairs, and overhead reach; can occasionally stoop; can perform no kneeling, crouching, or crawling; can perform no climbing of ladders, ropes and scaffolds; can lift and carry up to fifteen pounds; can frequently handle and finger; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; can perform no work at unprotected heights; can perform occasional work around dangerous moving mechanical parts; can face no extreme heat, cold, wetness, or humidity; and must have a five minute work break for every hour of continuous standing or walking.

(Tr. 19-25).

At the fourth step, the ALJ found that Plaintiff has been unable to perform any past relevant work since June 1, 2015, her alleged onset date. (Tr. 25). At step five, the ALJ found that prior to September 14, 2019 (Plaintiff's 55th birthday was September 15, 2019), there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 24-25). The ALJ further found that after September 14, 2019, Plaintiff's age category changed and that there were then no jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). Therefore, the ALJ found: (1) that Plaintiff was not disabled prior to September 14, 2019, but became disabled on that date and has continued to be disabled through the date of decision; and (2) that Plaintiff was not disabled at any time through March 31, 2019, the date last insured. (Tr. 26-27). Thus, the ALJ concluded that Plaintiff was not entitled to DIB, but was entitled to SSI as of September 14, 2019.

IV.    <u>Plaintiff's Challenge</u>

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ failed to properly assess Plaintiff's age for purposes of applying the Medical-Vocational Guidelines. The Court agrees.

The Social Security Administration's ("SSA") regulations set forth three age categories: (1) a "younger person," who is under the age of 50; (2) a "person closely approaching advanced age," who is between the ages of 50 and 54; and (3) a "person of advanced age," who is 55 or older. 20 C.F.R. § 404.1563(c), (d), (e). "These age categories are then used in the Medical–Vocational Guidelines (the 'Grids') to make determinations at step five of the [ALJ's disability] analysis." *Woods v. Colvin*, 218 F. Supp. 3d 204, 207 (W.D.N.Y. 2016). As relevant here, an ALJ may not "apply the age categories mechanically in a borderline situation," and, if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled," then the ALJ must "consider whether to use the older age category after evaluating the overall impact of all the factors" in the individual case. 20 C.F.R. § 404.1563(b).

Where, as in this case, the Plaintiff seeks DIB and the ALJ's decision is issued after the date last insured, the claimant's age category is determined by reference to the date last insured. *See Woods*, 218 F. Supp. 3d at 207-08 ("[W]hen the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured." (quotation omitted)). Plaintiff was born on September 15, 1964. As such, on her date last insured of March 31, 2019, she was approximately 54 years, six months and two weeks old.

The SSA's regulations do not provide a bright-line definition for what constitutes a borderline age situation. As the court in *Woods* noted, the SSA's Hearings, Appeal and Litigation Law Manual (the "HALLEX") provides that "[g]enerally, SSA considers a few days to a few months to mean a period not to exceed six months." 218 F. Supp. 3d at 209 (quoting HALLEX 1-2-2-42). "Most district courts within the Second Circuit follow the HALLEX and hold that a period of up to six months is borderline." *Id.* In this case, Plaintiff was less than six months from her 55th birthday on her date last insured.

Moreover, the ALJ in this case found that Plaintiff was capable only of a range of light work. As such, had the ALJ treated Plaintiff as a person of advanced age, she would have been considered disabled under the Grids. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.02 (an individual who is of advanced age, has less than a high school education, and has past skilled or semi-skilled work without transferable skills is disabled). Under these circumstances, the Court finds that this constituted a borderline age situation, as defined in 20 C.F.R. § 404.1563(b).

As Plaintiff correctly noted, the ALJ in this case did not acknowledge or discuss the fact that Plaintiff was on the borderline of a higher age category, nor did he provide any rationale for why he ultimately decided to treat her as a "closely approaching advanced age" individual rather than a "person of advanced age." Thus, the ALJ failed to comply with 20 C.F.R. § 404.1563(b), which required him to perform an individualized assessment of which age category to apply.

It is the obligation of an ALJ to "build an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review." *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quotation and alteration). The ALJ

here failed to do so, inasmuch as he provided no explanation whatsoever for how he conducted the assessment required by 20 C.F.R. § 404.1563(b). *See Woods*, 218 F. Supp. 3d at 209 (finding reversible error where the ALJ failed to indicate that he had even "consider[ed] whether using the higher age category would be appropriate").

Courts within this Circuit have held that an ALJ must expressly indicate how he decided which age category to apply in a borderline situation, explaining that "because it is not the province of the court to determine" how to ultimately handle a borderline age situation, remand is necessary where the ALJ "gave no indication that he was even aware of the borderline age issue ..., much less a rationale for why he decided to use [the claimant's] chronological age, instead of the older age category." *Goncalves v. Berryhill*, No. 3:17-CV-01830 (JCH), 2018 WL 6061570, at *6 (D. Conn. Nov. 20, 2018) (quotation omitted); *see also Metaxotos v. Barnhart*, No. 04 CIV. 3006 (RWS), 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005) ("Because the ALJ failed to identify whether this was a borderline situation and failed to address the implications of the timing of her decision, a remand is appropriate.").

This Court agrees with those courts that have found 20 C.F.R. § 404.1563(b) to require, at a minimum, that the ALJ acknowledge the existence of a borderline age situation. Absent such an acknowledgment, the Court cannot make a reasoned conclusion that the ALJ complied with the regulations and did not apply the age categories mechanically. Here, the ALJ's decision provides no indication whatsoever that he was even aware that this was a borderline age case, much less that he performed the requisite individualized assessment of which age category to apply. Under these circumstances,

the Court is left unable to conduct a meaningfully review of the ALJ's determination.[3]

In sum, the ALJ committed reversible error when he failed even to acknowledge the existence of a "borderline age situation" for Plaintiff's DIB claim, when Plaintiff was less than six months from her 55th birthday at the time of her March 31, 2019 date last insured. As the ALJ determined, application of Medical-Vocational Rule 202.02 directed a determination that Plaintiff was disabled at age 55 for purposes of her SSI claim. (Tr.26). However, he then, without any mention of the borderline age situation, denied Plaintiff's DIB claim, finding she was not under a disability at any time through the date last insured, March 31, 2019, even while acknowledging that she reached the higher age category on September 14, 2019. (Tr.26-27). Accordingly, the Court finds that the ALJ erred in failing to appropriately apply 20 C.F.R. § 404.1563(b) and that remand of this matter is therefore required. *See Battaglia v. Comm'r of Soc. Sec.*, No. 1:18-CV-00390EAW, 2019 WL 3764660 (W.D.N.Y. Aug. 7, 2019).[4]

---

[3] The Court rejects the defendant's argument that the ALJ was not permitted to consider the "borderline age situation" with regards to Plaintiff's DIB claim because he issued a partially favorable decision on Plaintiff's SSI claim. In this case, Plaintiff is making two separate claims: one for DIB and a second for SSI. The fact that she received a partially favorable outcome on her SSI claim does not preclude application of the "borderline age situation" rule to her DIB claim. *See* SSA Program Operations Manual System DI 25015.006(D). In any event, if that was the ALJ's reasoning, he should have said so.

[4] The Plaintiff raises additional arguments in her motion. The defendant should also consider those arguments on remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) is granted and defendant's motion for judgment on the pleadings (Dkt. No.24) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   June 14, 2023
         Buffalo, New York

                                        _____
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge